This is an appeal from a judgment of the court below entered upon the findings of the jury upon special issues. The suit was filed by appellee against appellant for an accounting of partnership affairs and for damages. Any statement of the evidence necessary will be made under each assignment.
The first assignment of error complains of the action of the lower court in overruling appellant's application to continue the case. The ground upon which the continuance was sought was that appellant, who was a periodical drinker of intoxicants, was ill and in an inebriated condition and unfit mentally to testify when the case was called for trial. The bill of exception bringing into review the overruling of the motion is qualified by the statement that the case had been repeatedly passed and continued on the ground that appellant was drunk, and that the court believed it doubtful if appellant would be found sober on any assignment of the case. The trial judge also qualified the bill by the further statement that appellant, during trial, was sober and testified in his own behalf, but before its completion "fell again," and was *Page 1076 
unable to testify on surrebuttal. The proposition urged by appellant under the said assignment is that, under the facts recited, the court abused the discretion vested in him to deny or grant the application. In our opinion the proposition is unsound. The application was not a statutory one, and called for the exercise of the trial judge's sound discretion in the matter. The case had been repeatedly continued for the identical reasons stated in the application in the expectation that appellant would at the next recurring trial be in a state of sobriety. He was not, notwithstanding the tolerant and considerate indulgence in the past by the trial judge. The repeated continuances of the case, in our opinion, evidence an unusually fair observance of the discretion vested. Certainly no facts are disclosed that could support a conclusion by this court that there was an abuse of discretion. A further and decisive reason that prevents interference on our part is that appellant did in fact attend the trial and did testify for himself. And while it is also true that during trial appellant again succumbed to his unfortunate habit, it is obvious that a final settlement of litigation would in some cases never be had if the latter fact was cause for reversal.
The second and ninth assignments raise a question of practice. The facts necessary to the disposition of the question, as found by the jury and in turn supported by the evidence, are these: The partnership in which appellant and appellee were associated had for its particular purpose the moving and sale of an old house, which the partners had purchased under an agreement unnecessary to detail here. Certain portions of the structure were desired by each partner, and it was finally agreed that appellee should pay the firm $300 for the portion desired by him. Appellee in turn sold the portion so purchased by him to one Kreck for $900 delivered upon Kreck's land. At the time agreed upon for the payment of the $300, appellant declined, as a member of the firm, to accept the amount, and prevented appellee removing the portion of the house bought by appellee upon Kreck's land as he had agreed to do. The damages sought by appellee were those caused by appellant's action just detailed, which were alleged to be the difference between the price agreed to be paid for the portion of the house bought by appellee and the price at which appellee sold to Kreck, less the cost of removing the same upon Kreck's land. The only testimony upon what it would have cost appellee to remove the portion of the house bought by him upon Kreck's land was that of two witnesses, one testifying that it would cost $150, and another that it would cost $150, maybe $200. In submitting the case to the jury upon the issue of damages, the trial judge required the jury to find specifically all the facts just related, but did not interrogate them as to what it would have cost appellee to have removed the house to Kreck's land, had he not been prevented from doing so by appellant, but determined that issue himself in entering judgment upon the special verdict. The proposition urged by appellant is that the trial judge, in submitting to the jury the question of damages claimed by appellee, should also have required the jury to say what would have been the cost of removing the portion of the house bought by appellee upon Kreck's land, and, the jury not having passed upon that issue, the court was without authority to determine it. The contention cannot be sustained. Since 1897 the rule with reference to special verdicts has been, as relates to the issue under discussion, that "the failure to submit any issue shall not be deemed a ground for reversal of the judgment upon appeal or writ of error, unless its submission has been requested in writing by the party complaining of the judgment," and that, "upon appeal or writ of error, an issue not submitted and not requested by a party to the case shall be deemed as found by the court in such manner as to support the judgment, provided there be evidence to sustain such a finding. Acts 1897, p. 15, c. 7; article 1985, R.S. 1911. Thus it is seen that the only inquiry properly to be made by this court is whether the finding by the court below is sustained by the evidence. On that point there can be no dispute, since, as we have said, but two witnesses testified, one that the expense necessary to remove the portion of the house described was $150, the other "$150, or maybe $200." It is not necessary for us to demonstrate by mathematical process that the amount of the judgment for damages entered upon the special verdict is correct, since no issue is made upon the amount of the verdict, but upon the action of the court in determining the issue of fact we have detailed. This the court clearly has the right to do under the statute, when the parties to the suit have failed to request the submission of such issue, even though the evidence on the point not submitted is conflicting The testimony in the instant case was without practical or real conflict.
The third assignment of error complains of the action of the court in referring to the jury the ascertainment of the true consideration of the contract between appellee and appellant; the proposition being that such evidence was an attempt to vary or contradict the legal effect of a written instrument by parol evidence. The contract signed by appellant and appellee, which was offered in evidence and is contained in the record recited the purpose to be the purchase, wrecking, and sale of a building, appellant furnishing the purchase price, which was to be refunded him from the proceeds of the sale of the building, any balance to be divided equally between the parties, after deducting all expense incident to dismantling the building, *Page 1077 
etc., together with other provisions not material to the point under discussion. The contract was silent concerning the consideration contributed by appellee, which would entitle him to share in the profit derived from the sale of the building, and it was alleged by appellee and found by the jury and supported by the evidence that the original contract was verbal, but reduced subsequently to writing, and that the consideration moving to appellant and inducing him to contribute all the necessary funds to the enterprise and divide the profits equally with appellee was the skill, knowledge, and experience of the latter in dismantling or wrecking such building in a profitable manner. And it occurs to us that in order to anticipate any claim of a total want of consideration, and for the purpose of showing the true consideration, it was proper for him to allege and prove same. For as well settled as the rule that the legal effect of a written instrument may not be varied or contradicted by parol testimony is the further rule that holds that parol evidence is admissible to show the true consideration of a written agreement, conveyance, etc., even in cases where the true consideration is variant to that recited in the instrument in writing. The citation of authority in support of either rule is unnecessary. Such is what was done in the instant case, and it occurs to us that it is immaterial how the question was raised, whether by appellee, as he voluntarily appears to have done, or by appellant, by a denial of partnership and the contention that appellee was by the contract but an employé.
The tenth assignment of error complains of the refusal of the court to permit appellant to prove by Franklin, who was appointed receiver of the partnership property pending the litigation, that, after getting possession of the property, he offered to sell appellee the portion he was to have for $300, and that appellee repeatedly refused to purchase same. The proposition asserted under said assignment is in effect that, when appellant breached his contract, it was appellee's duty, in order to lessen the damages caused by such breach, to purchase the property from any other source available. Much necessarily has been written concerning the rule of law for the recovery of damages, but the general purpose and policy of the law finally is to afford the injured person compensation for the injury suffered. Incidental to the right to recover such compensation it becomes, in many cases, the duty of the injured party to lessen the damages by taking such steps in that respect as would be observed by an ordinarily prudent person similarly situated. Do the facts recited in the bill of exception bring appellee's suit within the variation of the general rule of compensation? We think not. Appellant unlawfully prevented appellee from removing the portion of the building bought by the latter from the partnership, and it is in effect undisputed that his damage resulting therefrom was the amount recovered. The mere offer by the receiver to sell appellee the property is not enough to invoke the rule. Appellee's contract with Kreck, according to the testimony, was to be concluded the latter part of December, 1911. The receiver went into possession of the property June 25, 1912, more than six months after appellee had agreed to deliver the property to Kreck. This testimony was clearly insufficient to raise the issue that appellee had failed to exercise ordinary care to lessen the damage. Aside from the question of the lapse of so much time, it devolved upon appellant to show, not only that appellee could have purchased the house at the same price, but to show also that Kreck was yet willing to pay the price originally agreed upon, and that appellee was able to purchase at such time.
Finding no reversible error in the record, the judgment is affirmed.